UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ISHA S. KNIGHT,<br><br>          Plaintiff,<br><br>    v.<br><br>EXETER FINANCE, LLC,<br><br>          Defendant. | Civil Action No. 23-cv-2850 (TSC) |

**MEMORANDUM OPINION**

Plaintiff Isha Knight, proceeding *pro se*, filed this action against Exeter Finance, LLC, alleging that it violated the Fair Debt Collection Practices Act ("FDCPA") in attempting to collect on a debt she owed for her vehicle. Defendant moved to dismiss, arguing that Plaintiff failed to allege it is a debt collector as required under the FDCPA. Plaintiff cross-moved for summary judgment and filed a motion requesting the court rule on her motion for summary judgment. Having considered the record and the briefs, the court will GRANT Defendant's Motion to Dismiss and DENY as moot Plaintiff's Amended Motion for Summary Judgment and Plaintiff's Motion to Render & Enter Judgment.

                                          **I.     BACKGROUND**

Plaintiff purchased a vehicle in December 2020 from Daly City Auto Connection, Inc. ("Daly City"). Am. Mot. for Summ. J. Ex. A, ECF No. 18-1 at 1; *see* Compl., ECF No. 1 Ex. A at 1. Beginning in August 2022, Plaintiff alleges that Defendant sought to collect an amount owed for the vehicle and, in doing so, misrepresented her debt. Compl. at 1. As part of those collection attempts, Plaintiff alleges that Defendant seized and sold her property, threatened legal action against her, and caused her loss wages, credibility, and emotional distress. *Id.* at 1–2.

Plaintiff subsequently brought this action in D.C. Superior Court, alleging violations of the FDCPA. *Id.* Defendant removed the case to this court, Notice of Removal, ECF No. 1, and moved to dismiss for failure to state a claim, ECF No. 6. Plaintiff moved for summary judgment, ECF No. 12. After two summary judgment filings were denied without prejudice for failure to follow the Federal Rules of Civil Procedure, Min. Order, Nov. 20, 2023; Min. Order, Dec. 1, 2023, the court allowed Plaintiff to file a second amended motion for summary judgment on January 22, 2024, ECF No. 18. On August 8, 2024, Plaintiff also filed a motion asking the court to "to render and enter judgment" in her favor, ECF No. 25.

## II.     LEGAL STANDARD

### A.     Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In other words, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court presumes the truth of the complaint's factual allegations under Rule 12(b)(6), *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000), but need not "accept as true 'a legal conclusion couched as a factual allegation,'" nor "inferences [that] are unsupported by the facts set out in the complaint," *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (citations omitted).

### B.     Motion for Summary Judgment

Under Federal Rule of Civil Procedure 56, courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if "a dispute over it might affect the outcome of a suit under governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination." *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (quoting *Anderson*, 477 U.S. at 248). The party seeking summary judgment bears the burden to provide evidence showing "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

### III.   ANALYSIS

The FDCPA "applies only to a 'debt collector' as it defines the term." *Bank of N.Y. Mellon Trust Co. N.A. v. Henderson*, 862 F.3d 29, 33 (D.C. Cir. 2017); *see* 15 U.S.C. § 1692e. A "debt collector" is a person in interstate commerce "in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another." 15 U.S.C. § 1692a(6). Under this definition, "third party debt collection agents generally qualify as 'debt collectors' under the relevant statutory language, while those who seek only to collect for themselves loans they originated generally do not." *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 81 (2017). Any entity "who regularly purchase[s] debts originated by someone else and then seek[s] to collect those debts for their own account," moreover, generally does not qualify as a debt collector because it does not "regularly seek to collect debts 'owed [to] another,'" but rather seek "only to collect debts that it purchased and owned." *Id.* at 82–83. Consequently, to allege that a defendant is a debt collector, a plaintiff must allege facts supporting an inference that the defendant's principal purpose is to collect debts owed to another, rather than to collect debts it originated or purchased.

It is important to consider that Plaintiff is proceeding *pro se* in this case. "A *pro se* complaint 'must be held to less stringent standards than formal pleadings drafted by lawyers,' but even it must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Jones v. Horne*, 634 F.3d 588, 596 (D.C. Cir. 2011) (citations omitted). "Thus, when weighing whether a pro se plaintiff has stated a claim, courts must treat 'technical deficiencies in the complaint leniently' and 'scrutinize' the 'entire pleading to determine if any legally cognizable claim can be found.'" *Spence v. U.S. Dep't of Veterans Affs.*, No. 22-5274, 2024 WL 3504410, at *2 (D.C. Cir. July 23, 2024) (citation omitted). Courts consider "all filings" in construing a pro se plaintiff's complaint, "including filings responsive to a motion to dismiss" and any "attached exhibits." *Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) (citation omitted).

Even liberally construing her pleadings, the court finds that Plaintiff has not alleged that Defendant is a debt collector. She claims that Defendant "proceeded to falsely imply and misrepresent a debt amount that was owed to them" and "performed unfair debt collection." Compl. at 1. These allegations imply a legal conclusion that Defendant is a debt collector, but the court does not accept legal conclusions as true, even at the motion to dismiss stage. *See Trudeau*, 456 F.3d at 193 (citations omitted). And neither the Complaint nor any of Plaintiff's briefs on either motion allege that Defendant's principal purpose is to collect debts owed to another.

Plaintiff argues in her opposition that Defendant is a debt collector because it was not a party to the original contract she signed when she purchased her vehicle. Pl.'s Mem. of P. & A. in Opp'n to Def.'s Mot. to Dismiss, ECF No. 10 at 3–5. But as the Supreme Court explained in *Henson*, 582 U.S. at 82–83, an entity that purchases a debt after origination and then seeks to

collect that debt owed to it is generally *not* a debt collector. Indeed, Plaintiff included as an exhibit to her summary judgment motion a notice she received from Defendant shortly after purchasing her vehicle explaining that her "retail installment contract, including the right to payments, has been assigned to" Defendant by Daly City. Am. Mot. for Summ. J. Ex A at 1. This notice indicates that Exeter Finance is likely *not* a debt collector, but rather was collecting on a debt that it purchased shortly after loan origination. *Accord* Retail Installment Sale Contract, ECF No. 24-2 at 7 (origination contract assigning Daly City's rights to Defendant).

Consequently, the court will grant Defendant's motion to dismiss, and need not reach Plaintiff's motions.

### IV.     CONCLUSION

For the foregoing reasons, the court will GRANT Defendant's Motion to Dismiss, ECF No. 6, and DENY as moot Plaintiff's Amended Motion for Summary Judgment, ECF No. 18, as well as Plaintiff's Motion to Render & Enter Judgment, ECF No. 25. The Clerk of Court shall mail a copy of this Memorandum Opinion to Plaintiff at her address of record.

An Order will accompany this Memorandum Opinion.

Date: August 20, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge